# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ERIC HUGGINS                                                              PETITIONER

vs.                                                          NO.: 4:09CR72-MPM-DAS-1

UNITED STATES OF AMERICA                                                  RESPONDENT

## MEMORANDUM OPINION

Pending before the Court is Petitioner's motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. (Doc. entry no. 42). The Government has filed a response, to which Petitioner has not replied. For the reasons set forth herein, the Court finds that the motion should be denied.

## Facts and Procedural History

On March 17, 2010, Petitioner pleaded guilty to violating 21 U.S.C. § 841. In his plea agreement, he agreed to waive his right to appeal his sentence and all post-conviction writs associated with his case. (*See* doc. entry no. 21, p.2 ¶6). Petitioner was sentenced to 120 months imprisonment, 60 months of supervised release, and he was fined a $100 special assessment. (*See* doc. entry no. 34). On February 9, 2012, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner maintains in the instant motion that counsel performed inadequately in failing to: 1) timely object to the pre-sentence report or request a continuance; 2) discuss defense strategies with Petitioner or otherwise investigate the uncharged criminal conduct that the Court relied upon for an upward departure; and 3) advise Petitioner that he had the right to comment and present mitigating testimony at his sentencing. In a related claim, Petitioner also maintains that he was denied due process when he was not allowed to

speak and present mitigating testimony at his sentencing, in violation of Federal Rule of Criminal Procedure 32(i)(1)(c).

## Discussion

Petitioner entered into a written plea agreement that both he and his attorney signed. It contained the following provision:

> 6. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS. Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

(*See* doc. entry no. 21, p.2 ¶6). At the change of plea hearing in this case, the Court questioned Petitioner to ensure that he was competent to enter a plea, and that he understood that he was voluntarily waiving his right to appeal. (*See* doc. entry no. 37, p.4-6). Petitioner stated that he understood the maximum penalties to which he could be exposed by entering a plea, and the Court recited those penalties for his benefit. (*Id*. at 7). The prosecutor read the plea agreement into the record, and the following exchange transpired:

> THE COURT: All right. Mr. Huggins, you heard the prosecutor state his understanding of the agreement that you entered into with the Government. Did he accurately state it as you understand it to be?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you understand that you're waiving your right to appeal the conviction or sentence in this case?
> THE DEFENDANT: Yes, sir.

(*Id.* at 9-10).

The Fifth Circuit affords "great weight to the defendant's statements at the plea

colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Petitioner does not claim that he was unaware that he was waiving his appeal rights by entering a plea, and his statements at the plea colloquy indicate that he was aware that he was agreeing to a waiver. Typically, "an informed and voluntary waiver of post-conviction relief is effective to bar" § 2255 relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). An exception occurs for the ineffective assistance of counsel, but "only when the claimed assistance directly affect[s] the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Because Petitioner understood that he was waiving his appeal rights by entering a plea agreement, and because there is no allegation that counsel performed ineffectively in circumstances directly affecting his decision to enter a plea, the Court finds that Petitioner's waiver bars consideration of the merits of his claims.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). While Petitioner has not filed a notice of appeal in this action, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires the petitioner to demonstrate that it is debatable among reasonable jurists that the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *United States v. Jones*, 287 F.3d

325, 329 (5th Cir. 2002).

To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying the above standards to Petitioner's claims, the Court concludes that reasonable jurists could not debate the Court's resolution, and that the issues presented do not deserve further encouragement. Accordingly, the Court finds that Petitioner is not entitled to a COA as to his claims.

## Conclusion

The Court finds that Petitioner's § 2255 motion should be denied. A separate judgment in accordance with this opinion shall issue this day.

**THIS** the 7th day of August, 2012.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**